UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal Case No. 00-414 (GK) |
| : | |
| GARY WILLIAMS, : | |
| : | |
| Defendant. | |

## MEMORANDUM ORDER

On January 4, 2012, the Defendant filed a Memorandum Regarding Remand[1] with regard to the February 1, 2011, Judgment of the United States Court of Appeals for the District of Columbia Circuit, remanding this matter for sentencing-reduction proceedings consistent with newly adopted sentencing guidelines. 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The Government responded on February 3, 2012, and the Defendant replied on February 16, 2012.

Defendant is requesting that the Court take no action in response to the Remand Order in light of the fact that he has served the 120 month mandatory minimum in this case.

On December 19, 2000, Mr. Williams entered a plea of guilty on one count of unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). His applicable sentencing range under the then-existing Sentencing Guidelines was 168-210 months. The Court sentenced him, on December 11, 2001, to 168 months. In 2007, the United States Sentencing Commission amended the Guidelines and generally reduced the guidelines by two offense levels for offenses involving crack cocaine. The Commission also voted to give retroactive effect to those amendments, effective March 1, 2008.

---

[1] The Court will treat this pleading as a Motion to Retain Existing Sentence.

With this change in the Guidelines, Mr. Williams' amended sentencing range was 135-168 months. On September 19, 2008, the Defendant filed a Motion seeking a resentencing pursuant to 18 U.S.C. § 3582. On February 12, 2009, after considering the written briefs and the oral arguments, the Court imposed the statutory mandatory minimum of 120 months. The Government thereafter filed a Notice of Appeal. While the Government's appeal was pending, the Supreme Court issued <u>United States v. Dillon</u>, 130 S. Ct. 2683 (2010), holding that district courts were barred from imposing a sentence below the amended guideline range during Section 3582(c)(2) proceedings. Thereafter, on February 1, 2011, the Court of Appeals remanded this case for sentencing-reduction proceedings.

While the Government's appeal was pending, the Sentencing Commission again amended the base offense level for most crack cocaine offenses. The current applicable sentencing range for Mr. Williams is now 87-108 months. Because the statutory mandatory minimum sentence of 120 months is greater than this range, the guideline sentence becomes the mandatory minimum 120 month term. <u>See</u> U.S.S.G. § 5G1.1(b). For that reason, the Defendant argues that the 120 month term imposed on February 12, 2009, is now consistent with both 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, and, therefore, the Court need not disturb the sentence.[2]

The Government in its response does not challenge any of the facts just set forth. It recognizes that the Sentencing Commission's latest amendment regarding the crack cocaine guideline range is now applicable to the Defendant's case. However, the Government argues that the Court has discretion to grant or deny Defendant's Motion and that, in the interest of public safety, the Court should sentence him to a term of imprisonment of 135 months with credit for time served.

---

[2] It should be noted that the Defendant completed his 120 month term of imprisonment on July 23, 2010, and is now serving his five year term of supervised release.

The Government relies heavily on the fact that the Defendant was released from the Bureau of Prisons on July 23, 2010, after serving 120 months, was arrested thereafter on November 18, 2011, and was charged with distribution of cocaine. He is now pending trial in the District of Columbia Superior Court.

The Court agrees with the Government that a reduction in the Defendant's sentence because of the new guidelines is not automatic and that the Court retains discretion under 18 U.S.C. § 3553(a) to impose an appropriate sentence. United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

The Court does not deem it appropriate to, at this point, increase the Defendant's sentence to 135 months. Mr. Williams' sentence, at this time, should be based upon the Court's evaluation of the Section 3553(a) factors at the time of sentencing. At that time, he was sentenced to the bottom of the guideline range. Raising the sentencing to 15 months above the mandatory minimum would penalize him retroactively for charges he has incurred -- but of which he has not been convicted. His Superior Court trial is scheduled for April 25, 2012. If he is found guilty, he will be sentenced in Superior Court for that crime. Moreover, if he is found guilty, he will be found in violation of his supervised release and a be subject to a new sentence for that violation. In short, if convicted, Mr. Williams will pay a significant price for that new offense. if he is not convicted, then Mr. Williams should not pay any price for a mere arrest which did not -- for whatever reason -- result in conviction.

Finally, as a result of the new sentencing landscape for cocaine offenses, the 120 month sentence the Defendant has served was twice as long as the mandatory minimum sentence that that same offense carries today. In addition, the 120 month sentence Mr. Williams has served was 33

months longer than the bottom of the guideline range which is applicable today. In short, he has already served close to three years to five years more than would be imposed at this time.

For all these reasons, the Court concludes that the existing 120 month sentence is appropriate, has been served, and therefore there is no need to make any change in that sentence.

**WHEREFORE**, it is this 21st day of February, 2012, hereby

**ORDERED,** that Defendant's Motion is **granted.**

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**